2024 OCT 14 PM 3:39

LARRY L. HENRY, CLERK

BY _____ DC

DAVID CHRISTIAN SROFE and SANDRA LUZ SROFE,
as Surviving Parents, Next Friends, Wrongful Death
Beneficiaries and Co-Administrators of the Estate of
JEBEDIAH HARVENSON SROFE, Deceased,
  *Plaintiffs*,

VS.

HAMILTON COUNTY, TENNESSEE, HAMILTON
COUNTY SHERIFF'S OFFICE, HAMILTON COUNTY
SHERIFF AUSTIN GARRETT (in his Official and
Individual Capacities), QUALITY CORRECTIONAL
HEALTHCARE, DR. JOHNNY "RUSTY" BATES, M.D.,
LORIE GRAVES, NICKY EDWARDS, KARA CASE,
BRENT STONE, LAUREL SCARBROUGH, NURSE
MURPHY, UNKNOWN JOHN DOE QUALITY
CORRECTIONAL HEALTHCARE MEDICAL STAFF
and UNKNOWN JOHN DOE CORRECTIONAL STAFF,
  *Defendants*.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

JURY DEMAND

DOC. NO. 24C1090

DIV. _____

## COMPLAINT

Come now your Plaintiffs, David Christian Srofe and Sandra Lux Srofe, in their capacities

as surviving parents, next friends, wrongful death beneficiaries and Co-Administrators of the

Estate of Jebediah Harvenson Srofe, by and through counsel, and for their Complaint against the

Defendants, Hamilton County, Tennessee ("Hamilton County"), Hamilton County Sheriff's Office

("HCSO"), Hamilton County Sheriff Austin Garrett ("Garrett") (in his official and individual

capacities), Quality Correctional Healthcare ("QCHC"), Lorie Graves ("Graves"), Nicky Edwards

("Edwards"), Kara Case ("Case"), Brent Stone ("Stone"), Laurel Scarbrough ("Scarbrough"),

NURSE Murphy ("Murphy"), Dr. Johnny "Rusty" Bates, M.D. ("Bates"), Unknown Johnn Doe

Quality Correctional Healthcare Medical Staff ("QCHC Medical Staff"), and Unknown John Doe

Correctional Staff ("Correctional Staff") state as follows:

## PRELIMINARY STATEMENT

Plaintiffs bring this lawsuit following the death of their son, Jebediah Harvenson Srofe ("Mr. Srofe"), a 27-year-old resident of Tullahoma, Tennessee, who was incarcerated at the Hamilton County Jail & Detention Center f/k/a Silverdale Detention Center (hereinafter "Jail"). Mr. Srofe died due to, inter alia, the conscious indifference of the Defendants, in violation of his Constitutional rights, while in the custody, care and control of the Jail, which is owned and operated by Hamilton County and/or HCSO and/or Garrett. Plaintiffs have lawfully petitioned the Hamilton County Chancery Court and have been named the Co-Administrators of the Estate of Jebediah Harvenson Srofe.

Plaintiffs' claims under 42 U.S.C. § 1983 and the United States Constitution, arise out of the Defendants' deliberate indifference to Mr. Srofe's rights and failure to provide Constitutionally required care, humane living conditions and adequate medical treatment to Mr. Srofe. Mr. Srofe was arrested on October 8, 2023, for driving under the influence. After having Mr. Srofe examined at a hospital, he was held at the Jail following that arrest.

Defendants deprived Mr. Srofe of his clearly established rights guaranteed under the United States Constitution and under the laws of the United States. Plaintiffs seek all damages allowable under the law, including attorney fees and costs in this action pursuant to 18 U.S.C. § 1988.

## JURISDICTION AND VENUE

1.      This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded on T.C.A. § 20-2-223.

2.      Venue is proper in Hamilton County, Tennessee pursuant to T.C.A. § 20-4-101.

**Exhibit A**
**Page 2 of 28**

**PARTIES**

3.      The Decedent, Jebediah Harvenson Srofe died, unmarried, on October 14, 2023, in Chattanooga, Tennessee. See his *Certificate of Death* attached hereto as **Exhibit A**.

4.      Plaintiffs, David Christian Srofe and Sandra Luz Srofe, are Mr. Srofe's surviving parents, next friends, wrongful death beneficiaries and Co-Administrators of the Estate of Jebediah H. Srofe. See T.C.A. §20-5-107. See the *Letters of Limited Administration for Cause of Action Only* issued to David and Sandra Srofe attached hereto as **Exhibit B**.

5.      Plaintiffs are residents of Coffee County, Tennessee.

6.      Defendants Hamilton County and HCSO are governmental entities ultimately responsible for the care, custody, health and well-being of Mr. Srofe, its ward, while he was at the Jail and at all times relevant to this Complaint. Hamilton County and HCSO are liable for their own conduct and the acts and omissions of its servants, employees, agents and contractors. Such servants, employees, agents and contractors acted in conformity with the policies, practices and customs of Hamilton County and HCSO. Further, Hamilton County and HCSO had non-delegable Constitutional duties to ensure that Mr. Srofe was safe from harm, received adequate medical care and that its designated contractors, employees, agents and subcontractors, provided him with constitutionally adequate medical care.

7.      Defendant Garrett is the elected Sheriff of Hamilton County, Tennessee and is sued in his official and individual capacities. Garrett is an adult citizen of the State of Tennessee, and is domiciled in Hamilton County, Tennessee. Garrett oversaw the Jail and was responsible for the hiring, training, supervision, discipline, and control of the correctional staff under his command. Garrett was responsible for all actions of the Correctional Staff at the Jail and was the final policy

maker for the Jail. Garrett is liable both directly and vicariously for the actions complained of herein. Garrett can be served through the County Attorney, Rheubin Taylor.

8.      Defendant QCHC is a business operating in the State of Tennessee and Hamilton County. Upon information and belief, QCHC hires, manages, trains and employs various nurses and/or doctors who provide medical care to inmates at the Jail. QCHC is liable for its own conduct and the acts and omissions of its servants, employees, agents and contractors, pursuant to the doctrines of *Monell* liability, agency, apparent agency, implied agency, employer/employee relations, joint and several liability, *respondeat superior*, and vicarious liability. Further, QCHC which contracts with Hamilton County to provide required medical care to inmates at the Jail, had non-delegable constitutional duties to ensure that Mr. Srofe received adequate medical care and that its employees, agents and/or contractors provided constitutionally adequate medical care to Mr. Srofe. QCHC's principal office in Tennessee is located at 1585 Mallory Lane, Brentwood, TN 37027. Its registered agent for service of process is Incorp Services, Inc., 1585 Mallory Lane, Suite 104 Brentwood, Tennessee 37027.

9.      Defendant Lorie Graves, NP was at all material times, an agent of Hamilton County and QCHC as a nurse practitioner at the Hamilton County Jail. She was directly responsible for Mr. Srofe's care, custody, health and wellbeing. At all materials times, she acted under color of state law in the course and scope of her agency and/or employment with QCHC.

10.     Defendant Nicky Edwards, NP was at all material times, an agent of Hamilton County and QCHC as a nurse practitioner at the Hamilton County Jail. She was directly responsible for Mr. Srofe's care, custody, health and wellbeing. At all materials times, she acted under color of state law in the course and scope of her agency and/or employment with QCHC.

11.     Defendant Kara Case, LPN was at all material times, an agent of Hamilton County and QCHC as a licensed practical nurse at the Hamilton County Jail. She was directly responsible for Mr. Srofe's care, custody, health and wellbeing. At all materials times, she acted under color of state law in the course and scope of her agency and/or employment with QCHC.

12.     Defendant Brent R. Stone, RN was at all material times, an agent of Hamilton County and QCHC as a registered nurse at the Hamilton County Jail. He was directly responsible for Mr. Srofe's care, custody, health and wellbeing. At all materials times, he acted under color of state law in the course and scope of his agency and/or employment with QCHC.

13.     Defendant Laurel Scarbrough was at all material times, an agent of Hamilton County and QCHC as a nurse at the Hamilton County Jail. She was directly responsible for Mr. Srofe's care, custody, health and wellbeing. At all materials times, she acted under color of state law in the course and scope of her agency and/or employment with QCHC.

14.     Defendant Dr. Johnny "Rusty" Bates, MD was at all material times, an agent of Hamilton County and QCHC as a medical doctor at the Jail. He was directly responsible for Mr. Srofe's care, custody, health and wellbeing. At all material times, Dr. Bates acted under color of state law in the course and scope of his agency and/or employment with QCHC.

15.     Defendants Unknown John Doe QCHC Medical Staff were at all material times agents of Hamilton County and QCHC as medical staff at the Hamilton County Jail. They were directly responsible for Mr. Srofe's care, custody, health and wellbeing. At all materials times, they acted under color of state law in the course and scope of the agency and/or employment with QCHC.

16.     Defendants Unknown John Doe Correctional Staff were at all materials times agents of Hamilton County Sheriff's Department and Hamilton County, Tennessee at the Hamilton

County Jail. They were directly responsible for Mr. Srofe's custody. At all material times, they acted under color of state law in the course and scope of the agency and/or employment with Hamilton County, Tennessee and Hamilton County Sheriff's Department.

17.     Plaintiffs demand a jury to try all issues in this case.

## FACTS

18.     The preceding paragraphs are incorporated herein by reference as if restated verbatim. The following is a summary of facts to set forth the allegations and elements of the alleged causes of action but should not be construed to be a complete statement of facts.

19.     On October 8, 2023, Mr. Srofe was taken to Parkridge North Emergency Room by the arresting officers of Hamilton County Sheriff's Department.

20.     After being examined and released by the Emergency Room, Mr. Srofe was held at the Jail on a monetary bond his family could not afford for the criminal charges of contraband in a penal institution, drugs general category for resale, possession of drug paraphernalia, driving under the influence, implied consent law, driving on a revoked license and reckless endangerment.

21.     On October 9, 2023, the QCHC staff did an Intake History and Physical Assessment during which it was indicated Mr. Srofe was withdrawing from fentanyl.

22.     Hamilton County, HCSO and Garrett failed to protect Mr. Srofe's rights under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment.

23.     According to notes in the "Guardian" Inmate Log entered on October 14, 2023, at 10:18 a.m. by Sergeant Poteet, Defendants were aware of Mr. Srofe's condition and that he had been seen by QCHC Medical Staff the day before his death, on October 13, 2023, for fentanyl withdrawals.

24.     This notation in the "Guardian" Inmate Log shows the Defendants were made aware of his deteriorating condition long before he died.

25.     According to those records, medications were ordered to treat withdrawals, and he was again released by medical and placed back in his cell.

26.     Later the same day, October 14, 2023, around 4:19 p.m. Mr. Srofe was found unresponsive in his cell shower floor and Nurse Murphy was giving compressions and he was ultimately sent out via EMS to the hospital where he was pronounced deceased at 5:41 p.m.

## HISTORY OF MEDICAL NEGLECT
## AND INHUMANE CONDITIONS AT THE JAIL

27.     The preceding paragraphs are incorporated herein by reference as if restated verbatim.

28.     The Jail has a history of failure to provide proper medical care to inmates, maintaining inhumane living conditions, and inmate on inmate violence in violation of the Eighth Amendment.

29.     In December 2020, Hamilton County and HCSO took over operations of the Jail, merged the inmates held at the Hamilton County Jail located in downtown Chattanooga and subsequently closed the downtown location.

30.     The Jail population doubled overnight in a facility designed more as a workhouse for non-violent criminals serving misdemeanor sentences. The Jail was ill-equipped and not sufficiently staffed to merge the inmate population. Since the merger, the failure to provide adequate medical care to inmates, failure to care for the safety and well-being of inmates, and the

inhumane living conditions have led to multiple lawsuits being filed against Hamilton County, HCSO and QCHC, among others.[1]

31.     The conditions at the Jail led the Federal Judiciary to remove all federal inmates in late 2020.

32.     On April 23, 2021, multiple Jail inmates including, Luster Deloney, were stabbed numerous times by fellow inmates wearing towels over their faces when officers placed them in a new cell despite the victims warning the officers that they would be attacked. Suit has been filed regarding this incident, Docket 1:22-cv-00094.

33.     The County has notice of and is aware that in June 2021, an inmate named Donyell DeWayne Holland was beaten by other inmates at the Jail and was badly injured. Mr. Holland was denied medical care and left on the cell floor for three (3) days. When a nurse finally tried to administer treatment, she was threatened by corrections officers at the Jail. Mr. Holland has filed a lawsuit, which is still pending in the Eastern District of Tennessee. *Holland v. Booth, et al.,* No. 1:21-cv-00166.

34.     The County has notice of and was aware that in September 2021, the Jail failed an inspection conducted by the Tennessee Corrections Institute with the inspection listing overcrowding, multiple surveillance cameras in need of repair, and an HVAC in need of repair.

35.     The County has notice of and is aware that in April 2022, Brandon Cornett, a male inmate, died while in custody at the Jail. His wife called consistently for weeks leading up to his death insisting that he needed his medicine and was told "it was being handled."  On April 24, 2022, Mr. Cornett, was very sick and put on the "provider list" to be seen the following day, sixteen

[1] *Moore v. Hamilton County, et. al.,* 1:23-cv-00007; *Brown v. Hamilton County, et. al.,* 1:23-cv-00045; *Jackson v. Hamilton County, et. al.,* 1:23-cv-00046; *Cornett v. Hamilton County, et. al.,* 1:23-cv-00053; *Miller v. Hamilton County, et. al.,* 1:23-cv-00086; *Ellis v. Hamilton County, et. al.,* 1:23-cv-00099; *Franklin v. Hamilton County, et. al.,* 1:23-cv-00100; *Holt v. Hamilton County, et. al.,* 1:23-cv-00061.

days after staff were alerted to his condition by his wife. He died before he was seen by a doctor. His next of kin filed a lawsuit against Hamilton County and others, which is currently pending in the Eastern District of Tennessee. *Cornett v. Hamilton County, et. al.,* 1:23-cv-053.

36.     On May 16, 2022, Carol White, was found dead at the Jail. She was serving a 45-day sentence for drunk driving and was not provided the medication critical to managing her seizures and thyroid issues. The Court ordered her medication to be delivered to the Jail and be administered to her as prescribed. Those orders were ignored, and Ms. White died as a result. *White v. Hamilton County, et. al.,* 1:23-cv-00108.

37.     The County has notice of and is aware that in May of 2022, the Jail failed a health inspection. Inspectors found rat droppings in the food storage area, no sanitizer present in washing buckets, and walls, floors and ceilings that were in hazardous condition.

38.     The County has notice of and is aware that DaQuarrious "Jay" Brown, an HIV positive inmate, was denied his HIV medications for two months while he was housed at the Jail. Without his life-saving HIV medication, Mr. Brown's health continued to get worse. Inmates in his cell would stage fights just to get the nurses' attention. Mr. Brown regularly begged the Jail staff to administer his medication, yet they refused. By the time he was brought to Parkridge North ER in March 2022, his HIV had rapidly progressed causing him to develop pneumonia and sepsis. Mr. Brown spent two months fighting for his life and later died. His family filed a lawsuit against Hamilton County and others. *Brown v. Hamilton County, et. al.,* 1:23-cv-00045.

39.     The County has notice that on July 23, 2022, four inmates escaped from the Jail. It took guards almost four (4) hours to notice they were missing.

40.     The County has notice of and is aware that on October 16, 2022, Abraham Jackson, Jr., an inmate at the Jail, died seven months into serving his sentence at the Jail. He suffered from

numerous infections brought on by malnutrition. Inmates told Mr. Jackson's family that he blacked out on three different occasions, but nurses still would not see or treat him. His family filed a lawsuit against Hamilton County and others. *Jackson v. Hamilton County, et.al.,* 1:23-cv-00046.

41.     The County has notice of and is aware that, on December 20, 2022, Marvin Johnston, Jr., an inmate at the Jail, was found dead in his cell. His cause of death was listed as a fentanyl overdose.

42.     Despite their knowledge of multiple documented instances of medical neglect and inhumane living conditions, Defendants have taken no action to prevent further deprivations of civil rights at the Jail.

43.     Hamilton County, HCSO and Garrett, through their refusal to correct conditions at the Jail, have adopted policies and procedures that threaten the lives of its inmates, as evidenced in the above examples.

**COUNT I**
**42 U.S.C. § 1983 *MONELL* LIABILITY (POLICIES, PROCEDURES, CUSTOMS)**

44.     The preceding paragraphs are incorporated herein by reference as if restated verbatim.

45.     Pursuant to the Eighth Amendment and Fourteenth Amendment to the United States Constitution, Mr. Srofe, as an inmate at the Jail, had a Constitutional right to be free from cruel and unusual punishment during his confinement, including a right to be provided with adequate medical care and humane living conditions.

46.     Defendants' acts and omissions, as alleged more specifically herein, breached a Constitutional duty as the Defendants were deliberately, consciously and intentionally indifferent and callous toward Mr. Srofe's deteriorating medical condition.

47.     The Constitutional violations resulted from the official policies, practices, procedures, regulations or customs adopted by official policy makers or policy making officials for Hamilton County, HCSO and/or the Jail, and those that are employed thereby. Plaintiffs allege that the following policies (but not limited to those listed) caused the deprivation of Mr. Srofe's basic Constitutional right to be provided with adequate medical care and humane conditions:

      a.     Tennessee Correctional Institute Regulations -1400-01.12(1)-(33);

      b.     Protocols for the Continuing Care of Inmates at the Jail;

      c.     Manual for Standard Operating Procedures (S.O.P.); and

      d.     S.O.P. D-110.

48.     The institutional policies, procedures, customs, and practices outlined in the preceding paragraphs or lack of appropriate policies, procedures and practices, subjected Mr. Srofe to unnecessary and wanton infliction of pain and distress and demonstrated deliberate indifference to his serious medical needs. The specific, deliberately indifferent actions and omissions of the Defendants include, but are not limited to, the following:

      a.     Dismissing the severity of Mr. Srofe's condition;

      b.     Failing to provide adequate medical care for Mr. Srofe;

      c.     Failing to provide adequate medicine and treatment to Mr. Srofe and other inmates;

      d.     Failing to provide Mr. Srofe and other inmates necessary hospital care;

      e.     Failing to provide appropriate care in correction settings;

      f.     Ignoring medical information of Mr. Srofe as communicated through medical records, leading to improper care and treatment;

g. Delaying and failing to appropriately respond to Mr. Srofe's emergent need for treatment and to recognize his life-threatening condition;

h. Failing to adopt policies and procedures that ensure that inmates have timely and adequate medical care from medical personnel qualified to diagnose and treat conditions, including those suffered by Mr. Srofe; and

i. Failing to adopt policies, procedures and training for jail administration in recognizing emergency conditions.

49. As a direct and proximate result of the violation of his civil rights, as described in other paragraphs herein, and in contravention of 42 U.S.C. § 1983, the Defendants allowed Mr. Srofe to suffer the following injuries:

a. Pain and suffering from lack of care and proper medical condition;

b. Deterioration of body and mind to his death;

c. Significant mental and physical suffering;

d. The loss of enjoyment of life and inability to recover from his illness; and

e. Loss of life.

50. The Defendants, through their official acts and omissions, were intentionally willful, wanton, reckless, and malicious; and showed a deliberate indifference and reckless disregard for the rights of Mr. Srofe and all inmates in custody at the Jail. Plaintiffs are entitled to an award of punitive or exemplary damages in an amount sufficient to punish the Defendants for their actions against Mr. Srofe and to prevent such conduct in the future.

51. Plaintiffs are entitled to reasonable attorney's fees, costs and expenses from the Defendants pursuant to 42 U.S.C. § 1983.

## COUNT II
## 42 U.S.C. § 1983 (FAILURE TO TRAIN)

52.     The preceding paragraphs are incorporated herein by reference as if restated verbatim.

53.     The Jail, by and through its policy makers, either by enactment or acquiescence thereto, have adopted or failed to adopt a policy or policies to ensure that inmates are properly cared for when family members, the court, and medical personnel at the Jail indicate that an inmate needs medical assistance. The Jail's failure to ensure inmate care is persistent and widespread such that it constitutes an official policy in action. The failure to address inadequate training in polices that protect inmates' health and wellness is alleged in support of the cause of action.

54.     Hamilton County, HCSO and Garrett's failure to provide any such training not only resulted in the systematic deficiencies of the Jail as outlined in the above paragraphs, but also recklessly posed substantial risk of harm to the health and safety of Mr. Srofe and all other inmates at the facility. The failure to train amounted to a deliberate indifference and deprived Mr. Srofe and other inmates of their Eighth Amendment right to be free from cruel and unusual punishment and the unnecessary and wanton infliction of pain. Said failure was the moving force behind the violation of Mr. Srofe's constitutional rights and eventual death.

55.     But for the failure of Hamilton County, HCSO, Garrett and their agents to provide reasonable and adequate training for personnel receiving information regarding inmates in medical and or physical distress, Mr. Srofe would not have mentally and physically suffered through and including the loss of his life.

56.     Mr. Srofe was damaged as a proximate and direct result of the conduct of Hamilton County, HCSO, Garrett and their agents in failing to provide proper and appropriate training for their staff.

**Exhibit A**
**Page 13 of 28**

57. Mr. Srofe has been damaged as a direct and proximate result of Hamilton County, HCSO, Garrett and their agents failure in their official acts and omissions.

58. Plaintiffs are entitled to reasonable attorney's fees, costs, and expenses pursuant to 42 U.S.C. § 1983.

**COUNT III**
**42 U.S.C. § 1983 (FAILURE TO SUPERVISE)**

59. The preceding paragraphs are incorporated herein by reference as if restated verbatim.

60. Defendants Hamilton County, HCSO and Garrett, by and through unknown agents and supervisors it employed, via supervisory and management personnel, are vested with the final decision-making authority for the Jail, as described in the Tennessee Code and local ordinances and resolutions. Customs, policies, and practices were adopted by these Defendants through the acts or omissions of its supervisory and management personnel. The customs, policies, practices and customs were so persistent and widespread as to constitute official policies and actions.

61. Hamilton County, HCSO, Garrett and their agents through its supervisory and management personnel at the Jail, was vested with the duty to exercise reasonable and adequate supervision, direction, and control over medical and nursing personnel providing services in the Jail.

62. Hamilton County, HCSO and Garrett's supervisory and management personnel recklessly posed a substantial risk of harm to the health and safety of Mr. Srofe and other inmates and deprived them of their Eighth Amendment rights of the United States Constitution to be free from cruel and unusual punishment and unnecessary and wanton infliction of pain and suffering. Their failure, either by acts, or omissions, in overt or tacit approval, was the moving force behind the violation of Mr. Srofe's Constitutional rights and his subsequent damages.

**Exhibit A**
**Page 14 of 28**

Case 1:24-cv-00359-TRM-MJD    Document 1-1    Filed 11/13/24    Page 14 of 28
PageID #: 19

63.     But for the failure to exercise reasonable and adequate supervision of QCHC Medical Staff, Mr. Srofe's Constitutional rights would not have been violated and Mr. Srofe would not have suffered mentally and physically through and including loss of his life.

64.     Hamilton County, HCSO, Garrett and their agents were intentionally wanton, willful, reckless and malicious; and showed a complete and deliberate indifference to the rights of Mr. Srofe and other inmates in custody. Plaintiffs are entitled to an award of punitive or exemplary damages in an amount sufficient to punish Hamilton County, HCSO, Garrett and their agents, and to deter them and others from conduct like this in the future.

65.     Plaintiffs are entitled to reasonable attorney's fees, costs, and expenses from these Defendants as provided in 42 U.S.C. § 1983.

### COUNT IV
### 42 U.S.C. § 1983 (INDIFFERENCE TO MEDICAL NEEDS)

66.     The preceding paragraphs are incorporated herein by reference as if restated verbatim.

67.     Defendants were deliberately indifferent to Mr. Srofe's serious and life-threatening medical needs. The Defendants subjected him to and engaged in conduct to deprive him of his Constitutional rights to be free from cruel and unusual punishment guaranteed by the Eighth Amendment to the United States Constitution as applied through the Fourteenth Amendment.

68.     Mr. Srofe was left to mentally and physically suffer and ultimately die because of the clear and deliberate indifference to his medical needs, failure of the medical personnel at the Jail and any offsite special medical providers, to properly diagnose and treat his condition appropriately, as constitutionally required.

69. Specifically, under the Eighth Amendment of the United States Constitution Defendants were deliberately indifferent to Mr. Srofe's medical needs in that they failed to provide, inter alia, the following:

    a.    Proper and timely medical attention for serious medical needs;

    b.    Referrals to appropriate offsite medical and proper diagnostic services;

    c.    Timely response to serious medical needs;

    d.    Appropriate treatment methodologies;

    e.    Timely and appropriate transportation to a hospital or other diagnostic clinic for treatment;

    f.    Failing to treat medical needs;

    g.    Failing to respond appropriately to an emergent medical condition.

70. Defendants were deliberately indifferent to Mr. Srofe's rights under the Eighth Amendment and failed to treat, hospitalize or admit him for proper medical treatment for his condition.

71. Mr. Srofe's suffering and ultimate death was the direct and proximate result of the deliberate indifference of the Defendants to his medical needs.

72. Defendants, through their acts and omissions, were intentionally willful, wanton, reckless, and malicious and showed a deliberate indifference and reckless disregard for the rights of Mr. Srofe and the inmates in custody at the Jail.

73. Plaintiffs are entitled to punitive damages and exemplary damages in an amount sufficient to punish Defendants and to deter said Defendants and others from similar future conduct.

74.     Plaintiffs are entitled to reasonable attorney's fees, costs and expenses from Defendants as provided by 42 U.S.C. § 1983.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

A.      That process issue;

B.      That a jury be impaneled to hear the controversy before the Court;

C.      That Plaintiffs be awarded all of the Constitutional violations, compensatory and actual damages in the amount not less than Two Million Dollars ($2,000,000.00);

D.      That punitive damages be awarded against the Defendants in the amount of Two Million, five hundred thousand, dollars ($2,500,000.00);

E.      That the Court order reasonable attorney's fees pursuant to 42 U.S.C. § 1983 and 11 U.S.C. § 1988, along with any costs and expenses in the prosecution of this action; and

F.     For any other general relief as is required or allowed by law.

RESPECTFULLY SUBMITTED:

**MCKOON, WILLIAMS, ATCHLEY & STULCE, PLLC**

BY: _____

**JAMES R. McKOON, BPR #009554**
*Attorneys for Plaintiff*
633 Chestnut Street, Suite 1500
Chattanooga, TN 37450
(423) 756-6400/fax: (423) 756-8600
Email: jmckoon@mwalawfirm.com

and

**BRANDY SPURGIN-FLOYD, BPR#30434**
**SPURGIN & MATTINGLY, PLLC**
110 Somerville Ave., Ste. 266
Chattanooga, TN 37405
(423) 521-0044 /fax: (423) 402-9471
Email: brandy@chattlawforall.com




# STATE OF TENNESSEE
## Office of Vital Records

### CERTIFICATE OF DEATH

STATE FILE NUMBER 2023 065032

| 1. Decedent's Legal Name | | | 2. Sex | 3. Date of Death |
|---|---|---|---|---|
| JEBEDIAH HARVENSON SROFE | | | MALE | 10/14/2023 |

| 4. Time of Death (Approx.) | 5a. Age | 6. Date of Birth | 7. Birthplace |
|---|---|---|---|
| 17:41 | 27 | 01/03/1996 | TRAVIS COUNTY, TX |

| 8a. Place of Death |
|---|
| DOA |

| 8b. Facility Name | 8c. City or Town | 8d. County of Death |
|---|---|---|
| PARKRIDGE NORTH ER | CHATTANOOGA | HAMILTON |

| 9. Marital Status | 10. Surviving Spouse (name prior to first marriage) | 11a. Decedent's Usual Occupation | 11b. Kind of Business/Industry |
|---|---|---|---|
| NEVER MARRIED | | VICE PRESIDENT | CANVAS BACK WATER PROOFING |

| 12. Social Security Number | 13a. Residence-State or Foreign Country | 13b. County | 13c. City or Town |
|---|---|---|---|
| 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 | TENNESSEE | COFFEE | TULLAHOMA |

| 13d. Street and Number | 13e. Inside City Limits? | 13f. Zip Code | 14. Was Decedent ever in US Armed Forces? |
|---|---|---|---|
| 400 GLASGOW DRIVE | YES | 37388 | NO |

| 15. Decedent's Education | 16. Decedent of Hispanic Origin? | 17. Decedent's Race |
|---|---|---|
| ASSOCIATE DEGREE | YES, MEXICAN, MEXICAN AMERICAN, OR CHICANO | WHITE |

| 18. Father's Name | 19. Mother's Name Prior to First Marriage |
|---|---|
| DAVID SROFE | SANDRA LUZ GONZALEZ |

| 20a. Informant's Name | 20b. Relationship to Decedent | 20c. Mailing Address |
|---|---|---|
| DAVID SROFE | FATHER | 89 BELMAR CIRCLE, MANCHESTER, TN 37355 |

| 21a. Method of Disposition | 21b. Place of Disposition | 21c. Location |
|---|---|---|
| BURIAL | ROSE HILL MEMORIAL GARDENS | TULLAHOMA, TN |

| 22a. Signature of Funeral Director | 22b. License Number | 22c. Signature of Embalmer | 22d. License Number |
|---|---|---|---|
| ▶ /s/ KENNETH TODD HARGROVE | 3003 | ▶ /s/ TRUDY ANN HOWELL | 6874 |

| 23a. Name and Address of Funeral Home | 23b. License Number |
|---|---|
| COFFEE COUNTY FUNERAL CHAPEL, 766 MCMINNVILLE HWY, MANCHESTER, TN 37349-0210 | 939 |

| 24. Registrar's Signature | 25. Date Filed |
|---|---|
| ▶ /s/ EDWARD G BISHOP III | 10/25/2023 |

26. Certifier

26a. ☐ PHYSICIAN – TO THE BEST OF MY KNOWLEDGE, DEATH OCCURRED AT THE DATE, TIME, AND PLACE, AND DUE TO THE CAUSE(S) AND MANNER STATED
26b. ☒ MEDICAL EXAMINER – ON THE BASIS OF EXAMINATION, AND/OR INVESTIGATION, IN MY OPINION, DEATH OCCURRED AT THE DATE, TIME, AND PLACE, AND DUE TO THE CAUSE(S) AND MANNER STATED.

| 27a. Certifier | 27b. License Number | 27c. Date Signed |
|---|---|---|
| ▶ /s/ STEVEN C COGSWELL | 44497 | 10/25/2023 |

| 27d. Name and Address |
|---|
| STEVEN C COGSWELL 3202 AMNICOLA HIGHWAY, CHATTANOOGA, TN 37406 |

28. Part I. ENTER THE CHAIN OF EVENTS (DISEASES, INJURIES, OR COMPLICATIONS) THAT DIRECTLY CAUSED THE DEATH. DO NOT ENTER TERMINAL EVENTS SUCH AS CARDIAC ARREST, RESPIRATORY ARREST, OR VENTRICULAR FIBRILLATION WITHOUT SHOWING THE ETIOLOGY. ENTER ONLY ONE CAUSE ON A LINE

| | | Approximate Interval: Onset to Death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST | a. PENDING | |
| | b. | |
| | c. | |
| | d. | |

| Part II. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN PART I | 29a. Was an Autopsy Performed? |
|---|---|
| | |
| | 29b. Were Autopsy Findings Available to Complete the Cause of Death? |

| 30. Manner of Death | 31. Did Tobacco Use Contribute to Death? | 32. If Female: |
|---|---|---|
| PENDING INVESTIGATION | | N/A |

| 33. If Transportation Injury, Specify: | 34a. Date of Injury | 34b. Time of Injury | 34c. Injury at Work? | 34d. Place of Injury |
|---|---|---|---|---|
| | 34e. Describe How Injury Occurred | | | 34f. Location of Injury |

PH-1659E

RDA 10112

I hereby certify the above to be a true and correct representation of the record or document on file in this department. This certified copy is valid only when printed on security paper showing the red embossed seal of the Tennessee Department of Health. Alteration or erasure voids this certification. Reproduction of this document is prohibited.

Tennessee Code Annotated 68-3-101 et seq., Vital Records Act of 1977

15325502

**EXHIBIT A**

*Edward A. Bishop III*
Edward G. Bishop III
State Register

*[signature]*
Ralph Alvarado, MD, FACP
Commissioner

Date Issued: Oct-25-2023

## CERTIFICATION OF VITAL RECORD

Exhibit A
Page 19 of 28

# Chancery Court for Hamilton County, Tennessee

IN THE MATTER OF THE ESTATE OF

No. 24-P-834

JEBEDIAH HARVESON SROFE , DECEASED

PART 2

Date of Death: OCTOBER 14, 2023

PROBATE DIVISION

Administrator *ad litem*: DAVID SROFE AND SANDRA L. SROFE

## Letters of Limited Administration for Cause of Action Only

**Whereas**, this Court has appointed the above named as administrator *ad litem* for a legal cause of action only as directed by law; it is therefore

**Ordered** that letters of limited administration for a legal cause of action only are hereby issued to the above named administrator *ad litem*, being now empowered to prosecute, defend, compromise, and settle a legal cause of action against      HAMILTON COUNTY, TENNESSEE, ET AL

**In witness whereof**, I have issued these letters on this 9 day of October, 2024

ROBIN L. MILLER, CLERK & MASTER

By _Michelle McGill_
DEPUTY PROBATE CLERK

STATE OF TENNESSEE
COUNTY OF HAMILTON

I solemnly swear I will honestly and faithfully discharge the duties imposed on me as required by law.

_Sandra L. Srofe_
ADMINISTRATOR AD LITEM

_David Srofe_
Administrator *ad litem*

Sworn to and subscribed before me this 9 day of October, 2024

ROBIN L. MILLER, CLERK & MASTER

By _Michelle McGill_
DEPUTY PROBATE CLERK

### ➤➤➤➤➤ Certificate ◄◄◄◄◄

I, CLERK & MASTER of this court, certify: i) this is a Court of Record; ii) the above is a true, full, and correct copy of the Letters of Limited Administration for Cause of Action Only issued by this court in this estate; iii) these letters are still in full force and effect as of this date; and iv) these letters appear of record in this court's Administrators' Bonds and Letters Record Book N0. 119, page 34. Witness my hand and seal this 9 day of October, 2024

ROBIN L. MILLER, CLERK & MASTER

By _Michelle McGill_
DEPUTY PROBATE CLERK
HAMILTON COUNTY COURTHOUSE
CHATTANOOGA, TN 37402

2024 OCT -9 AM 8: 35
[FORM 039, REV. 2000.12.31]
FILED
HAMILTON CO CLERK & MASTER

EXHIBIT
B

Exhibit A
Page 20 of 28

## State of Tennessee
### In the Circuit Court of Hamilton County

DAVID CHRISTIAN SROFE and SANDRA
LUZ SROFE, as surviving Parents, Next Friends,
Wrongful Death Beneficiaries and Co-Administrators
Of the Estate of Jebediah Harvenson Srofe, Deceased,
Plaintiffs,

VS

HAMILTON COUNTY, TENNESSEE, HAMILTON
COUNTY SHERIFF'S OFFICE, HAMILTON COUNTY
SHERIFF AUSTIN GARRETT (IN HIS OFFICIAL AND
INDIVIDUAL CAPACITIES), QUALITY CORRECTIONAL
HEALTHCARE, DR. JOHNNY "RUSTY" BATES, M.D., ET AL
Defendants.

FILED IN OFFICE

2024 OCT 14  PM 3:39

LARRY L. HENRY, CLERK

JURY DEMAND

No. 24C1090   BY   DS   DC

DIVISION _____

### SUMMONS

To:    **HAMILTON COUNTY, TN; VIA PRIVATE PROCESS**
       **HAMILTON COUNTY SHERIFF'S OFFICE; VIA PRIVATE PROCESS**
       **HAMILTON COUNTY SHERIFF, AUSTIN GARRETT; VIA PRIVATE PROCESS**
       **QUALITY CORRECTIONAL HEALTHCARE; VIA PRIVATE PROCESS**
       **DR. JOHNNY "RUSTY" BATES, MD; VIA PRIVATE PROCESS**
       **LORIE GRAVES; VIA PRIVATE PROCESS**
       **NICKY EDWARDS; VIA PRIVATE PROCESS**
       **KARA CASE; VIA PRIVATE PROCESS**
       **BRENT STONE; VIA PRIVATE PROCESS**
       **LAUREL SCARBROUGH; VIA PRIVATE PROCESS**
            Defendants                          Addresses

You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Circuit Court of
Hamilton County, Tennessee, in the above styled case. Your defense to this complaint must be filed in the office of the
Circuit Court Clerk of Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you.
If you fail to do so, judgment be default will be taken against you for the relief demanded in the complaint.

WITNESSED and Issued this ___14___ day of _____Oct_____, 2024.

Larry L. Henry, Circuit Court Clerk

Circuit Court of Hamilton County
500 Courthouse          By _____
625 Georgia Avenue              Deputy Circuit Court Clerk
Chattanooga, Tennessee 37402
(423) 209-6700

Attorneys for Plaintiff  James R. McKoon, McKoon, Williams, Atchley & Stulce, PLLC, 633 Chestnut Street, Suite
1500, Chattanooga, TN 37450
Plaintiff's Address: _____same as attorney_____

Received this _____ day of _____, 2024.

/S/_____
                                        Deputy Sheriff

State of Tennessee,
County of Hamilton

I, Larry L. Henry, Clerk of the Circuit Court, in and for the State and County aforesaid, hereby certify that the within and foregoing is a true and correct copy of the original writ of summons issued in this case.

**Larry L. Henry,** Circuit Court Clerk

By_____ D.C.

## OFFICERS RETURN

I certify that I served this summons together with the complaint as follows:

❑ On, _____, 2024, I delivered a copy of the summons and complaint to the defendant,

_____

❑ Failed to serve this summons within 30 days after its issuance because:

_____

**Hamilton County Sheriff**

_____
Deputy Sheriff

## CLERK'S RETURN

I hereby acknowledge and accept service of the within summons and receive copy of same, this _____ day of

_____, 2024.

_____
Defendant

**Larry L. Henry,** Circuit Court Clerk

By_____ D.C.

**Notice to Defendant(s)**

Tennessee law provides a ten thousand ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and schoolbooks. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of

State of Tennessee
In the Circuit Court of Hamilton County

FILED IN OFFICE

2024 OCT 14  PM 3:38

LARRY L. HENRY, CLERK

BY _____ DC

DAVID CHRISTIAN SROFE and SANDRA
LUZ SROFE, as surviving Parents, Next Friends,
Wrongful Death Beneficiaries and Co-Administrators
Of the Estate of Jebediah Harvenson Srofe, Deceased,
                        Plaintiffs,

JURY DEMAND

VS

No. 24C1090

HAMILTON COUNTY, TENNESSEE, HAMILTON
COUNTY SHERIFF'S OFFICE, HAMILTON COUNTY
SHERIFF AUSTIN GARRETT (IN HIS OFFICIAL AND
INDIVIDUAL CAPACITIES), QUALITY CORRECTIONAL
HEALTHCARE, DR. JOHNNY "RUSTY" BATES, M.D., ET AL
                        Defendants.

DIVISION _____

## SUMMONS

To: **HAMILTON COUNTY, TN; VIA PRIVATE PROCESS**
**HAMILTON COUNTY SHERIFF'S OFFICE; VIA PRIVATE PROCESS**
**HAMILTON COUNTY SHERIFF, AUSTIN GARRETT; VIA PRIVATE PROCESS**
**QUALITY CORRECTIONAL HEALTHCARE; VIA PRIVATE PROCESS**
**DR. JOHNNY "RUSTY" BATES, MD; VIA PRIVATE PROCESS**
**LORIE GRAVES; VIA PRIVATE PROCESS**
**NICKY EDWARDS; VIA PRIVATE PROCESS**
**KARA CASE; VIA PRIVATE PROCESS**
**BRENT STONE; VIA PRIVATE PROCESS**
**LAUREL SCARBROUGH; VIA PRIVATE PROCESS**
        Defendants                                    Addresses

You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Circuit Court of
Hamilton County, Tennessee, in the above styled case. Your defense to this complaint must be filed in the office of the
Circuit Court Clerk of Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you.
If you fail to do so, judgment be default will be taken against you for the relief demanded in the complaint.

WITNESSED and Issued this ___14___ day of ____Oct_____, 2024.

        Circuit Court of Hamilton County
        500 Courthouse
        625 Georgia Avenue
        Chattanooga, Tennessee 37402
        (423) 209-6700

Larry L. Henry, Circuit Court Clerk

By _____
                Deputy Circuit Court Clerk

Attorneys for Plaintiff  James R. McKoon, McKoon, Williams, Atchley & Stulce, PLLC, 633 Chestnut Street, Suite
1500, Chattanooga, TN 37450
Plaintiff's Address:____ same as attorney _____

    Received this _____ day of _____, 2024.

                        /S/_____
                                        Deputy Sheriff

**Exhibit A**
**Page 23 of 28**

ADA COORDINATOR, FOR ASSISTANCE CALL (423) 209-6120

State of Tennessee,
County of Hamilton

I, Larry L. Henry, Clerk of the Circuit Court, in and for the State and County aforesaid, hereby certify that the within and foregoing is a true and correct copy of the original writ of summons issued in this case.

**Larry L. Henry,** Circuit Court Clerk

By_____ D.C.

## OFFICERS RETURN

I certify that I served this summons together with the complaint as follows:

❑ On, _____, 2024, I delivered a copy of the summons and complaint to the defendant,

_____

❑ Failed to serve this summons within 30 days after its issuance because:

_____

**Hamilton County Sheriff**

_____
Deputy Sheriff

## CLERK'S RETURN

I hereby acknowledge and accept service of the within summons and receive copy of same, this _____ day of

_____, 2024.

_____
Defendant

**Larry L. Henry,** Circuit Court Clerk

By_____ D.C.

**Notice to Defendant(s)**

Tennessee law provides a ten thousand ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and schoolbooks. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of

# State of Tennessee
## In the Circuit Court of Hamilton County

DAVID CHRISTIAN SROFE and SANDRA
LUZ SROFE, as surviving Parents, Next Friends,
Wrongful Death Beneficiaries and Co-Administrators
Of the Estate of Jebediah Harvenson Srofe, Deceased,
Plaintiffs,

VS

HAMILTON COUNTY, TENNESSEE, HAMILTON
COUNTY SHERIFF'S OFFICE, HAMILTON COUNTY
SHERIFF AUSTIN GARRETT (IN HIS OFFICIAL AND
INDIVIDUAL CAPACITIES), QUALITY CORRECTIONAL
HEALTHCARE, DR. JOHNNY "RUSTY" BATES, M.D., ET AL
Defendants.

FILED IN OFFICE

2024 OCT 14 PM 3:40

LARRY L. HENRY, CLERK

JURY DEMAND

No. 24C1090 BY DS

DIVISION _____

---

## SUMMONS

**To:** **HAMILTON COUNTY, TN; VIA PRIVATE PROCESS**
**HAMILTON COUNTY SHERIFF'S OFFICE; VIA PRIVATE PROCESS**
**HAMILTON COUNTY SHERIFF, AUSTIN GARRETT; VIA PRIVATE PROCESS**
**QUALITY CORRECTIONAL HEALTHCARE; VIA PRIVATE PROCESS**
**DR. JOHNNY "RUSTY" BATES, MD; VIA PRIVATE PROCESS**
**LORIE GRAVES; VIA PRIVATE PROCESS**
**NICKY EDWARDS; VIA PRIVATE PROCESS**
**KARA CASE; VIA PRIVATE PROCESS**
**BRENT STONE; VIA PRIVATE PROCESS**
**LAUREL SCARBROUGH; VIA PRIVATE PROCESS**
Defendants          Addresses

You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Circuit Court of
Hamilton County, Tennessee, in the above styled case. Your defense to this complaint must be filed in the office of the
Circuit Court Clerk of Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you.
If you fail to do so, judgment be default will be taken against you for the relief demanded in the complaint.

WITNESSED and Issued this ____14____ day of ____Oct_____, 2024.

Circuit Court of Hamilton County
500 Courthouse
625 Georgia Avenue
Chattanooga, Tennessee 37402
(423) 209-6700

Larry L. Henry, Circuit Court Clerk

By____D. Smith_____
Deputy Circuit Court Clerk

---

Attorneys for Plaintiff  James R. McKoon, McKoon, Williams, Atchley & Stulce, PLLC, 633 Chestnut Street, Suite
1500, Chattanooga, TN 37450
Plaintiff's Address:_____same as attorney_____

Received this _____ day of _____, 2024.

/S/_____
Deputy Sheriff

State of Tennessee,
County of Hamilton

I, Larry L. Henry, Clerk of the Circuit Court, in and for the State and County aforesaid, hereby certify that the within and foregoing is a true and correct copy of the original writ of summons issued in this case.

**Larry L. Henry,** Circuit Court Clerk

By _____ D.C.

## OFFICERS RETURN

I certify that I served this summons together with the complaint as follows:

☐ On, _____, 2024, I delivered a copy of the summons and complaint to the defendant,

_____

☐ Failed to serve this summons within 30 days after its issuance because:

_____

**Hamilton County Sheriff**

_____
Deputy Sheriff

## CLERK'S RETURN

I hereby acknowledge and accept service of the within summons and receive copy of same, this _____ day of

_____, 2024.

_____
Defendant

**Larry L. Henry,** Circuit Court Clerk

By _____ D.C.

**Notice to Defendant(s)**
Tennessee law provides a ten thousand ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and schoolbooks. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# Pleadings Report

Docket #: 24C1090
File Date: 10/14/2024

## DAVID CHRISTIAN SROFE, AS SURVIVING PARENT, NEXT FRIEND, WRONGFUL DEATH BENEFICI
### vs
### HAMILTON COUNTY, TENNESSEE

| Line # | File Date | Description |
|---|---|---|
| 1 | 10/14/2024 | DAMAGE/TORT COMPLAINT 404897*1 |
| 2 | 10/14/2024 | SUMMONS ISSUED-D1.D2.D3.D5.D6.D7.D8.D9.D10.D11 PLTF I TAKEN |
| 3 | 10/18/2024 | AFFI OF SERV-D1.D2.D3-SERVED C/O R. DEE HOBBS RT-10.16.24 |
| 4 | 10/24/2024 | AFFI OF SERV-D5-SERVED C/O RACHEL GOODALL PER SIGNATURE GREEN CARD RT-10.21.24 |
| 5 | 10/24/2024 | AFFI OF SERV-D10-SERVED C/O INDIVIDUAL PER ILLEGIBLE SIGNATURE GREEN CARD RT-10.21.24 |
| 6 | 10/25/2024 | AFFI OF SERV-D6-SERVED C/O INDIVIDUAL PER ILLEGIBLE SIGNATURE GREEN CARD RT-10.21.24 |
| 7 | 10/25/2024 | AFFI OF SERV-D8-SERVED C/O NICKY EDWARDS PER SIGNATURE GREEN CARD RT-10.22.24 |
| 8 | 11/05/2024 | AFFI OF SERV-D11-SERVED C/O L SCARBROUGH PER SIGNETURE GREEN CARD RT-11.02.24 |